Curia, per
Nott, J.
I concur in opinion with the presiding judge that the breach assigned in this case was not such as authorized the plaintiff to maintain this action. The act of 1789, requires the clerk of the court to give bond with good security for the just and faithful discharge of his duty, and it declares that such clerk with his sureties shall be liable to all damage sustained by any person or persons in consequence of the malpractice committed by such clerk. P. L. 488. It appears therefore that the object of the bond is to indemnify all such persons as may sustain any damage by the malpractice of the clerk and not as an indemnity to the state. The breach assigned is neglecting to record certain judgments in which individuals alone were concerned. The omission to do which only operates, to their injury and in which the state had no interest. The defendant’s testator might be twite liable for the same thing, if he should be held ánswerable to the present plaintiff for a recovery in this case would be no bar to an action by any individual who had been injured by the negligence complained of. This resolution of the legislature gave to the plaintiff no right, except such as the state possessed. And if the state had no right, the action must fail. But there are other objections to the plaintiff’s recovery in this case. His services were not only gratuitous and therefore could not be the foundation of an action, but the defen- ' daht’s testator derived no benefit from them. In any point of view therefore in which the case now can be considered this motion cannot prevail.

Motion refused.